IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LEONARD WAYNE ROBBINS, Individually
and on Behalf of the Wrongful Death Beneficiaries
of DEDRIC ROBBINS, Deceased                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:07CV047-B-A

BEVERLY ENTERPRISES, INC.; BEVERLY
HEALTH AND REHABILITATION SERVICES, INC.;
BEVERLY ENTERPRISES – MISSISSIPPI, INC.; AND
GOLDEN GATE NATIONAL SENIOR CARE HOLDINGS, LLC        DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the defendants' motion and amended motion to dismiss and compel arbitration and certain defendants' motion for joinder to the motion to dismiss. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

On April 16, 2007, the plaintiff, Leonard Wayne Robbins, individually and on behalf of the estate of Dedric Robbins, filed this action against the defendants alleging a number of claims including negligence, gross negligence, and wrongful death for injuries allegedly sustained by Dedric Robbins while he was a resident at the defendants' Ripley, Mississippi, nursing home facility. Mr. Robbins had been diagnosed with Guillian-Barre Disease and suffered allegedly temporary paralysis as a result. According to the plaintiff, Mr. Robbins was to be admitted to the defendants' facility for a temporary stay to receive physical therapy. The plaintiff further contends that Mr. Robbins was expected to recover from the paralysis. It is uncontested that Mr. Robbins was mentally competent, and the record reflects that he was able to speak.

Mr. Robbins ultimately died during his stay at the defendants' nursing home, and this action was subsequently filed. The defendants moved to dismiss for failure to comply with the arbitration agreement contained in the admissions contract and signed by Virginia Robbins on behalf of her late husband, Dedric Robbins.

## Standard to Compel Arbitration

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, provides that a written arbitration agreement contained in a contract involving commerce is valid, irrevocable, and enforceable. 9 U.S.C. § 2. The Fifth Circuit has set forth a two-step test to determine whether parties should be compelled to arbitrate a dispute. *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445 (5th Cir. 2001). First, the court must determine whether the parties agreed to arbitrate. *OPE Int'l*, 258 F.3d at 445. To make this determination, the court must decide whether a valid arbitration agreement exists and whether the dispute in question falls within the scope of that arbitration agreement. *Id.* If the court finds that the parties agreed to arbitrate the claims, it must then consider whether any federal statute or policy renders the claims nonarbitrable. *Id.* at 446.

## Analysis

Arbitration agreements are a matter of contract between the parties; and, therefore, the question of whether the parties formed a valid agreement to arbitrate is a matter governed by the principles of state contract law. *Mariner Healthcare, Inc. v. Ferguson*, No. 4:04cv245-D-B, 2006 WL 1851250, at *3 (N.D. Miss. Jun. 30, 2006) (citing *Washington Mutual Finance Group, LLC v. Bailey*, 334 F.3d 260, 264 (5th Cir. 2004); *May v. Higbee Co.*, 372 F.3d 757, 764 (5th Cir. 2004)). The elements of a contract under Mississippi law are: (1) two or more contracting parties; (2) consideration; (3) an agreement that is sufficiently definite; (4) parties with the legal

capacity to make a contract; (5) mutual assent; and (6) no legal prohibition precluding contract formation. *Ferguson*, 2006 WL 1851250, at *3 (citing *Mauldin Co. v. Lee Tractor Co. of Miss., Inc.*, 920 So. 2d 513, 514 (Miss. Ct. App. 2006); *Rotenberry v. Hooker*, 864 So. 2d 266, 270 (Miss. 2003)).

The issue before the court has been addressed by two other courts in this district as well as the courts of the Southern District of Mississippi. *See Ferguson*, 2006 WL 1851250, at *3; *Mariner Healthcare, Inc. v. King*, 2006 WL 1716863 (N.D. Miss. 2006); *Mariner Healthcare, Inc. v. Green*, 2006 WL 1626581 (N.D. Miss. 2006); *JP Morgan Chase & Co. v. Coneige*, 2006 WL 166686 (N.D. Miss. 2006); *Mariner Healthcare, Inc. v. Guthrie*, Southern District of Mississippi, Civil Action No. 5:04CV218; *Mariner Healthcare, Inc. v. Rhodes*, Southern District of Mississippi, Civil Action No. 5:04CV217. As the court stated in *Ferguson*, "[t]he crux of the dispute between the parties and the only issue for the court to decide is the fourth element for a valid contract, the requirement that the parties have the legal capacity to make a contract." *Ferguson*, 2006 WL 1851250, at *3.

The defendants assert that Dedric Robbins and his beneficiaries were bound by the arbitration agreement signed by Virginia Robbins. The defendants contend that Mrs. Robbins was acting as an agent and personal representative and in a fiduciary capacity for her husband when she signed the arbitration agreement. Because Dedric Robbins was a diagnosed quadriplegic with all four extremities being paralyzed at the time of his admission to the defendants' facility, the defendants argue that it would have been impossible for Mr. Robbins to sign the arbitration agreement and that it was absolutely necessary that Mrs. Robbins sign instead. The plaintiff argues that Virginia Robbins had no legal authority to bind Dedric Robbins

3

to the arbitration agreement. The record reflects that Dedric Robbins was mentally competent and that no power of attorney existed.

To bind her husband to the arbitration agreement at issue, Virginia Robbins was required to have authority to act as Dedric Robbins' agent, and to succeed on their motion to compel arbitration, the defendants must show that Mrs. Robbins did, in fact, have that authority. *See Green*, 2006 WL 1626581, at *2. The three potential grounds for finding agency authority are the existence of actual authority (either express or implied), apparent authority, or statutory authority. *See id.*

The defendants have set forth no documentation or evidence of any kind showing that Dedric Robbins gave express authority to Virginia Robbins to act as his agent. "[W]ithout express authority to act as an agent, there can be no implied authority." *Ferguson*, 2006 WL 1851250, at *4. Thus, Virginia Robbins did not have actual authority to bind Dedric Robbins to the arbitration agreement.

Next, the court examines whether Mrs. Robbins had apparent authority to bind Mr. Robbins to the arbitration agreement. For a determination of apparent authority, "[t]here must be a showing of (1) acts or conduct by the principal indicating the agent's authority, (2) reasonable reliance upon those acts by a third party, [and] (3) a detrimental change in position by the third party as a result of that reliance." *Id.* (citing *Christ Methodist Episcopal Church v. S & S Construction Co., Inc.*, 615 So. 2d 568, 573 (Miss. 1993); *Alexander v. Tri-County Co-op*, 609 So. 2d 401, 403 (Miss. 1992)). Though it was incumbent upon the defendants to make certain that Virginia Robbins had authority to act as her husband's agent and bind him to the arbitration agreement, the defendants have alleged no acts or conduct on the part of Dedric Robbins

4

indicating that he so authorized her. "In Mississippi, 'one who relies on the acts of an agent to bind his principal has the burden of proving the authority of the agent.'" *Id.* (quoting *Textiles Supplies, Inc. v. Garrett*, 687 F.2d 123, 126 (5th Cir. 1982)).

Finally, the court must consider whether any statutory authority exists which might allow Mrs. Robbins to make healthcare decisions for her husband absent a preauthorized agency relationship. The court notes that Miss. Code Ann. § 41-41-211, a section of Mississippi's Uniform Healthcare Decisions Act, authorizes certain persons, which the Act refers to as "surrogates," to make healthcare decisions on behalf of a patient who lacks the capacity to make such decisions for himself. The Mississippi Supreme Court has analyzed this statute in a case with a factual situation analogous to the case at bar. In *Grenada Living Center v. Coleman*, 961 So. 2d 33 (Miss. 2007), the court affirmed the trial court's denial of a motion to dismiss and compel arbitration where a nursing home resident's half-sister had signed the arbitration agreement upon the resident's admission to the nursing home. The court found that "a close reading of the statute reveals that a prerequisite before any other analysis is that a patient may only have a surrogate if they do not have mental capacity to make decisions and they do not have any other person legally available to care for them." *Coleman*, 961 So. 2d at 37. The defendants in the case at bar have failed to show any evidence that Dedric Robbins was mentally incapacitated at the time of his admission to the defendants' facility. For this reason and in light of the Mississippi Supreme Court's ruling in *Coleman*, this court finds that Virginia Robbins could not act as a surrogate on behalf of her husband under the Uniform Healthcare Decisions Act.

The defendants have not produced a power of attorney; nor have they set forth any proof that Dedric Robbins made any actions that gave Virginia Robbins actual or apparent authority to act as his agent. Finally, no statutory authority exists to allow Mrs. Robbins to bind her husband to the arbitration agreement. The court, therefore, finds that no valid arbitration agreement existed.

## Conclusion

For the foregoing reasons, the court finds that the defendants' motion and amended motion to dismiss and compel arbitration are not well taken and shall be denied. Defendants' motion for joinder, which was unopposed, shall be granted. Plaintiff's motion for extension of time to respond shall be denied as moot. A separate order in accord with this opinion shall issue this day.

This, the 31st day of March, 2008.

/s/ Neal Biggers

**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**